UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DAVID LEONARD WOOD**, § | |
| § | |
| Petitioner, § | |
| § | |
| v.  § | Civil Action No. **3:25-CV-598-L-BT** |
| § | |
| **ERIC GUERRERO**, Director, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Before the court are: (1) Petitioner David Wood's ("Petitioner" or "Mr. Wood") Motion to Proceed *In Forma Pauperis* ("IFP Motion") (Doc. 2), filed March 11, 2025; (2) Petitioner's Opposed Motion for Stay of Execution ("Motion for Stay") (Doc. 4), filed March 11, 2025; (3) Petitioner's Unopposed Motion for Leave to Exceed Page Limit for Second or Successive Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. 6), filed March 11, 2025; (4) the Parties' Joint Motion to Dismiss Motion for Stay of Execution as Moot ("Motion to Dismiss") (Doc. 9), filed March 12, 2024; and (5) Petitioner's Unopposed Motion to Stay and Abey Federal Habeas Proceedings ("Motion to Stay") (Doc. 10), filed March 24, 2025.

I. **Background**

Following a change of venue, in 1992, Mr. Wood was convicted by a Dallas County jury of murdering three young women and three girls in El Paso County in 1987. The Texas Court of Criminal Appeals ("TCCA") affirmed Mr. Wood's conviction and sentence in an unpublished opinion. *Wood v. State*, AP-71,594 (Tex. Crim. App. Dec. 13, 1995). The TCCA subsequently denied Mr. Wood's initial application for state habeas relief in another unpublished opinion. *Ex parte Wood,* WR-45,746-01 (Tex. Crim. App. Sept. 19, 2001). This court denied Petitioner's

Memorandum Opinion and Order – Page 1

initial federal habeas corpus petition on the merits in cause no. 3:01-CV-2103. *Wood v. Dretke*, 2006 WL 1519969 (N.D. Tex. June 3, 2006). Further, the Fifth Circuit denied Mr. Wood a Certificate of Appealability. *Wood v. Quarterman*, 503 F.3d 408 (5th Cir. 2007). Finally, the United States Supreme Court denied Mr. Wood's certiorari petition. *Wood v. Quarterman*, 552 U.S. 1314 (2008).

Petitioner thereafter filed numerous actions in state court continuing to challenge his conviction, including multiple requests in the state trial court in El Paso County, after the case was returned there administratively, seeking post-conviction DNA testing under Chapter 64 of the Texas Code of Criminal Procedure ("TCCP"). The state trial court granted his initial request for DNA testing in 2010. Petitioner made ever-expanding requests for additional DNA testing in 2011, which were two requests for testing of a total of more than 70 items; 2015, which was a request for testing of 39 items; and 2017, which was a request for testing of 142 items. The TCCA denied Mr. Wood's second, third, and fourth requests in 2024. *Wood v. State*, 693 S.W.3d 308 (Tex. Crim. App. 2024) (holding (1) that a TCCA judge was serving by special designation as trial judge, and in that capacity denied Mr. Wood's latest requests for additional DNA testing, did not mandate recusal of the remaining eight TCCA judges from reviewing the denial of Mr. Wood's latest requests for additional DNA testing; (2) the state was not required under Chapter 64 of the TCCP to obtain DNA evidence not already in its possession to support Mr. Wood's request for information necessary to build a DNA database for "an alternative suspect"; (3) Mr. Wood had engaged in a pattern of piecemeal litigation and delay; and (4) Mr. Wood failed to demonstrate that his latest request for testing, which involved a request for testing of more than 140 items, was not for the purpose of unreasonably delaying the execution of his sentence), *cert. denied*, ___ S. Ct. ___, 2025 WL 581671 (Feb. 24, 2025).

**Memorandum Opinion and Order – Page 2**

Petitioner then filed a Section 1983 action in the United States District Court for the Western District of Texas arguing (1) the TCCA's authoritative construction of Chapter 64 violated procedural due process because that court has denied DNA testing in each of the twenty-three appeals it has heard in such cases in the past fifteen years and (2) the TCCA authoritatively construed Chapter 64's unreasonable-delay provision in a novel and unforeseeable way, thus violating his procedural due process rights (an as-applied challenge). Petitioner complained in his first claim that the TCCA has never ruled in favor of a party appealing a denial of post-conviction DNA testing (affirming denials of DNA testing in 23 appeals). Mr. Wood argued this pattern of adverse appellate rulings made the Texas statutory right to DNA testing illusory. The State argued in reply that Texas *trial* courts routinely *grant* requests for DNA testing. The State argued this means the only Chapter 64 cases appealed to the TCCA are those in which a defendant seeking DNA testing lost at the trial court level, i.e., the trial court found the defendant did not qualify for testing under the terms of the Texas statute; thus, the statutory right is *not* illusory. The district court dismissed Mr. Wood's Section 1983 action.

In an opinion issued March 7, 2025, the Fifth Circuit affirmed the district court's dismissal and holding that Mr. Wood lacked standing to bring his first claim, relying on its decision in *Gutierrez v. Saenz*, 93 F.4th 267 (5th Cir.), *cert. granted*, 145 S. Ct. 118 (2024), which distinguished the Supreme Court's decision in *Reed v. Goertz*, 598 U.S. 230 (2023) (holding a Texas death row inmate possessed standing to challenge the constitutionality of the Texas post-conviction DNA-testing statute (Chapter 64 of the TCCP)). *Wood v. Patton*, ___ F.4th ___, 2025 WL 732836, *3-*4 (5th Cir. Mar. 7, 2025). The Fifth Circuit rejected the argument that the Supreme Court's grant of certiorari in *Gutierrez* suggested the Supreme Court will ultimately

**Memorandum Opinion and Order – Page 3**

reverse the Fifth Circuit's attempt to distinguish the standing holding in *Reed v. Goertz* and held it was bound by its decision in *Gutierrez*. *Wood*, ___ F.4th at ___, 2025 WL 732836, *4.

The Fifth Circuit held the district court properly dismissed Mr. Wood's second, as applied, claim on the merits. *Wood*, ___ F.4th at ___, 2025 WL 732836, *4-*5. The Fifth Circuit pointed out the TCCA's denials of appeals seeking DNA testing under the unreasonable delay provision of Chapter 64 had been based on a variety of fact-specific legal bases (because the statute allows a wide range of discretion regarding whether to grant such requests) and were not the monolithic block of denials Mr. Wood sought to portray them. *Id.*

While that federal Section 1093 proceeding was underway, Petitioner filed a subsequent state habeas application seeking to raise a host of new claims, specifically arguments that (1) new evidence raises doubts as to Petitioner's responsibility for some of the murders with which he was charged (much of this new evidence attacks the credibility of prosecution witnesses who testified he admitted to them while in jail that he was responsible for at least some of the murders); (2) the prosecution knowingly used false testimony to secure Mr. Wood's conviction; (3) the prosecution withheld favorable evidence from the defense in violation of the rule in *Brady*; (4) the prosecution destroyed potentially exculpatory evidence; (5) Mr. Wood's trial counsel rendered ineffective assistance by myriad failures, including failing to (a) challenge the credibility of prosecution witnesses, (b) present available evidence of an alternative suspect, and (c) present evidence showing that Mr. Wood's vehicle was impounded and Mr. Wood was under police surveillance when some of the victims disappeared; (6) Mr. Wood's trial counsel suffered from an actual conflict of interest; (7) Mr. Wood was denied his right to a unanimous jury verdict; and (8) Mr. Wood was denied his right to confront the author of an adverse police report.

While all of the foregoing proceedings were underway, Petitioner also filed a request in the Fifth Circuit for leave to file a successive federal habeas corpus petition in this court. Mr. Wood's proposed successive federal habeas petition included: (1) an actual innocence claim; (2) a quartet of *Brady* claims; (3) claims that the prosecution elicited false testimony on four different topics, which are commonly known as *Giglio/Napue* claims; and (4) a series of ineffective assistance claims.

On the morning of March 11, 2025, Fifth Circuit issued an unpublished Order granting Mr. Wood authorization under Section 2244(b)(2)(B) to file a successive federal habeas corpus petition in this court challenging his El Paso County capital murder conviction and sentence of death. *In re Wood*, no. 25-10359 (5th Cir. Mar. 11, 2025). The Fifth Circuit's unpublished Order granted Mr. Wood leave to pursue all of four of his *Brady* claims and three of his four *Giglio/Napue* claims (finding one of the later claims had been raised and disposed of in Mr. Wood's original federal habeas corpus proceeding). The Fifth Circuit's March 11 Order did not, however, stay Mr. Wood's March 13 execution.

Mr. Wood filed an emergency motion seeking a stay of execution in this court, along with a request for leave to proceed *In Forma Pauperis* and a motion requesting leave to file a 207-page successive petition (Docs. 2, 4, 6).

Later, on the afternoon of March 11, the TCCA issued an unpublished Order granting Petitioner a stay of execution in connection with his proposed amended subsequent state habeas application, which Mr. Wood had filed on February 27. *Ex parte Wood*, WR-45,746-04, 2025 WL 774937 (Tex. Crim. App. Mar. 11, 2025). The TCCA's Order granting Mr. Wood a stay of his execution, which had been scheduled for March 13, did not identify any specific claims in Mr.

Wood's amended subsequent state habeas application which the TCCA believed had potential merit. It simply stayed Mr. Wood's execution.

## II.   Current Status of this Proceeding

On March 11, Mr. Wood filed in this court his proposed successive petition before the Fifth Circuit (Doc. 1). As explained previously, the Fifth Circuit only authorized Mr. Wood to proceed with four of his *Brady* claims and three of his four *Giglio/Napue* claims. Thus, Mr. Wood must file an amended petition at some point limiting his new claims to those expressly authorized by the Fifth Circuit. The amended petition must comply with the 207-page length to which the parties have apparently agreed. For the reasons discussed below, however, the filing of an amended petition can await further developments in Mr. Wood's subsequent state habeas proceeding.

Mr. Wood's unopposed motion for a stay and abeyance of this proceeding pending the outcome of his subsequent state habeas proceeding is be granted. It is entirely possible Mr. Wood may prevail in the TCCA with regard to one or more of his claims for state habeas relief, which could obviate the need for any further habeas proceedings in this court. When Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), it intended to further the principles of comity, federalism, and finality. *Panetti v. Quarterman*, 551 U.S. 930, 945 (2007); *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). Allowing the state courts to entertain Mr. Wood's new state habeas claims unhindered by any simultaneously pending federal habeas proceedings in this court furthers those principles.

In light of the TCCA's grant of a stay of execution, Mr. Wood's Motion for Stay is **moot**. Further, the joint Motion to Dismiss Mr. Wood's emergency motion for a stay of execution is **granted**.

Because the filing fee of five dollars has been paid in this case, this renders **moot** Mr. Wood's IFP Motion. For the record, however, the certified copy of Petitioner's TDCJ inmate trust account statement accompanying his IFP request indicates he has ample financial resources with which to pay the five-dollar filing fee in this case. Mr. Wood is not entitled to waiver of the modest filing fee.

### III. Conclusion

Accordingly, for the reasons stated, the court, **denies as moot** Mr. Wood's Motion to Proceed *In Forma Pauperis* ("IFP Motion") (Doc. 2); **denies** Petitioner's Opposed Motion for Stay of Execution ("Motion for Stay") (Doc. 4) **grants** Petitioner's Unopposed Motion for Leave to Exceed Page Limit for Second or Successive Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. 6); **grants** the Parties' Joint Motion to Dismiss Motion for Stay of Execution as Moot ("Motion to Dismiss") (Doc. 9); and **grants** Petitioner's Unopposed Motion to Stay and Abey Federal Habeas Proceedings ("Motion to Stay") (Doc. 10). Further, as it relates to the Motion to Stay, the court **orders** the following: (1) all further proceedings in this action are stayed pending disposition of Mr. Wood's latest subsequent state habeas corpus application; (2) every 180 days from this date, the parties shall file a joint advisory explaining the then-current status of Petitioner's latest state habeas application; and (3) Petitioner shall immediately notify this court if and when the TCCA rules on his latest subsequent state habeas application.

**It is so ordered** this 2nd day of April, 2025.

Sam A. Lindsay
United States District Judge